UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

Case No.   LA CV 13-08807-VBF-CW            Dated:   April 4, 2014

Title:   *Richard Joseph Davis, Plaintiff v. Dr. Susan Morris (Staff Physician) in her official and individual capacities, and Dr. J. Fitter (Staff Physician) in official and individual capacities, Defendants*

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, SENIOR U.S. DISTRICT JUDGE

| N/A | N/A |
|---|---|
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR APPELLANT          ATTORNEYS PRESENT FOR APPELLEES

   N/A                                                                                 N/A

**PROCEEDINGS (IN CHAMBERS):**   ORDER  (1) Adopting the Report & Recommendation;

(2) Dismissing Action Without Prejudice for Lack of Prosecution & Noncompliance with Court Orders;

(3) Warning Plaintiff that Dismissal May Be Converted to "With Prejudice" if He Fails to File a Suitable Amended Complaint by May 9, 2014

   This is a civil-rights action pursuant to 42 U.S.C. section 1983. The Magistrate Judge has issued a Report and Recommendation ("R&R") recommending that the action be dismissed without prejudice due to lack of prosecution and plaintiff's failure to comply with Court Order, and plaintiff has not filed any objections. For

MINUTES FORM 90                                                           Initials of Deputy Clerk ___jmb_____
CIVIL - GEN

the reasons that follow, the Court will adopt the R&R and dismiss the action without prejudice. The Court will further warn plaintiff that if he fails to file a motion to reinstate this action, along with a suitable amended complaint, by a date certain, then the Court may convert the dismissal to a "*with* prejudice" dismissal.

On December 16, the Magistrate Judge granted plaintiff's request to proceed *in forma pauperis* and without prepayment of the filing fee, and the complaint was filed. By Order issued January 3, 2014, this Court dismissed the complaint without prejudice and gave plaintiff until February 3, 2014 to amend his complaint to correct certain identified deficiencies. The January 3, 2014 Order specifically advised plaintiff that if he did not timely amend the complaint, his action could be dismissed without prejudice for failure to prosecute.

On January 29, 2014 the Court received a letter from plaintiff; because the Magistrate could not ascertain whether plaintiff was seeking to voluntarily dismiss the complaint, seeking an extension of time in which to amend, or renewing his previously denied request for appointment of counsel, she ordered plaintiff to file a notice clarifying what relief he sought. The January 29, 2014 order likewise warned plaintiff that if he did not respond by the court-ordered deadline, she would recommend that his action be dismissed for failure to comply with court order. To date, plaintiff has neither filed an amended complaint nor sought an extension of time in which to do so, nor has he responded in any way to the January 29, 2014 Order, which issued over two months ago.

The Magistrate correctly states the applicable legal standard governing dismissal for lack of prosecution and/or for failure to comply with court orders, as set forth in *Henderson*, 779 F.2d at 1423 and *Eisen*, 31 F.3d at 1451, and *Ferdik*, 963 F.2d at 1260-61). The Magistrate then applies the five-factor test and reasonably concludes that all five factors weigh in favor of dismissal without prejudice as a sanction.

**As to the first two *Ferdik* / *Carey v. King* factors, the Magistrate is right that dismissal would advance the public interest in the expeditious resolution of litigation on its merits and the court's need to manage its docket**, because plaintiff's continuing failure to file an amended complaint "hinders the court's ability to move this case toward disposition" on the merits "and suggests that Plaintiff does not intend to litigate

this action diligently." R&R at 4; *see also Pagtalunan v. Galazas*, 291 F.3d 639, 642 (9th Cir. 2002); *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999); *see, e.g.,* dismissing for lack of prosecution: *Gomez v. MacDonald*, No. ED CV 13-01367-VBF Doc. 20 at 7 (C.D. Cal. Mar. 31, 2014) (Fairbank, J.) ("The first and second *Carey* factors weigh in favor of dismissal, because petitioner's ongoing failure or refusal to provide a signed, verified petition by court-imposed deadlines thwarts the public's interest in expeditious resolution of litigation (the first factor) and impairs the court's ability to manage its docket (the second factor)."); *Bell v. Valenzuela*, 2012 WL 6642674, *2 (C.D. Cal. Dec. 5, 2012) ("[p]laintiff failed to timely file his [FAC] despite requesting an extension to do so" and the Order granting the extension was returned to the Court as undeliverable because plaintiff had failed to apprise the court of an address change), *R&R adopted*, 2012 WL 6643160 (C.D. Cal. Dec. 19, 2012); *Jackson v. Cate*, 2012 WL 6964422, *2 (C.D. Cal. Nov. 14, 2012) ( "[a]s a result of Plaintiff's failure to file a Second Amended Complaint, this action has been and will continue to be stalemated."), *R&R adopted*, 2013 WL 372575 (C.D. Cal. Jan. 30, 2013); *Dawson v. Watanathia*, 2013 WL 1247641, *2 (C.D. Cal. Feb. 26, 2013) (*Carey* factors 1 and 2 favored dismissal because due to "plaintiff's failure to return the service package, this action has been and will continue to be stalemated."), *R&R adopted*, 2013 WL 1248680 (C.D. Cal. Mar. 27, 2013). The fact that plaintiff is *pro se* does not entitle him to thwart these important public policies, as an "individual representing himself or herself . . . is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law." *Meeks Junior v. Wells Fargo Bank*, 2014 WL 295171, *1 (E.D. Cal. Jan. 27, 2014) (citing E.D. Cal. LCivR 183(a)).

**As to the third *Ferdik / Carey v. King* factor, the Magistrate accurately notes** that a rebuttable presumption of prejudice to the defendants arises when a plaintiff unreasonably delays prosecution of his action. *See* R&R at 4 (citing *Eisen*, 31 F.3d at 1452-53); *see also Eisen*, 31 F.3d at 1453-53 ("'[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant.'") (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) and citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651-52 (9th Cir. 1991)); *Moore*, 589 F.2d at 967-68. Likewise, where a party offers

a poor excuse or no excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Plaintiff Davis could rebut this presumption of prejudice by an affirmative showing of just cause for his delay and failure to prosecute, *see Eisen*, 31 F.3d at 452-53, but he has not even attempted to do so.

**As to the fourth *Ferdik* / *Carey v. King* factor, the Magistrate correctly reasons that** the public policy favoring resolution of cases on their merits does not weigh against dismissal here because plaintiff has shirked his responsibility to move the case towards such a merits disposition with reasonable dispatch. *See* R&R at 4 (citing *Morris*, 942 F.2d at 652). The Ninth Circuit "recognize[s] that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA Prods. Liab. Lit.*, 460 F.3d 1217, 1226 (9th Cir. 2006). "As such, this factor has little weight in cases such as this where the plaintiff essentially appears to be unable or unwilling to proceed with the action." *Zamani v. Colvin*, 2013 WL 3744217, *2 (E.D. Cal. July 15, 2013) (citing *PPA*, 460 F.3d at 1226, and *Lopez v. Wash. Mut. Bank*, 2010 WL 2629039, *1 (E.D. Cal. June 25, 2010)).

**"Moreover, because the Court is dismissing without prejudice, the policy in favor of resolving cases on their merits is not thwarted by dismissal."** *Gomez*, No. ED CV 13-01367-VBF Doc. 20 at 8-9 (citing for comparison *Cardiff v. Tingy*, 2006 WL 1343441, *3 (N.D. Cal. May 17, 2006) ("The only factor which weighs against dismissal of this action under Rule 41(b) is that which favors the disposition of actions on their merits. *Because the Court chooses to dismiss this action without prejudice, however, the weight of this factor is mitigated.*")) (emphasis added). That is because a without-prejudice dismissal does not necessarily "forever deny" plaintiff Davis his day in federal court. *See Devoto v. Corizon, Inc.*, 2014 WL 294326, *3 (E.D. Mo. Jan. 27, 2014) (explaining its decision to dismiss the complaint *with* prejudice for lack of prosecution, the court referred to "'the harsh consequences of forever denying a litigant his day in court'") (quoting *Rodgers v. Curators of Univ. of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998)).

MINUTES FORM 90  Initials of Deputy Clerk ___jmb___
CIVIL - GEN

**As for the fifth *Carey* / *Ferdik* factor, the Court finds that no available lesser sanctions would be effective rather than dismissal,** because the Court has twice warned plaintiff to amend his complaint to correct certain deficiencies and he has failed to do so over a fairly prolonged period of time. *See, e.g., Dawson*, 2013 WL1247641 at *2 ("[U]nder the circumstances presented (i.e., plaintiff's . . . failure even to respond to the Order to Show Cause), it does not appear to the Court that there any less drastic sanctions available . . . ."); *Barajas v. San Bernardino Sheriff's Dep't*, 2009 WL 1605706, *2 (C.D. Cal. June 2, 2009) (Fairbank, J.) ("The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in its litigation. Plaintiff has shown that he is either unwilling or unable to comply with court orders by filing responsive documents."). Moreover, the R&R itself constituted a *third* instance of notice to plaintiff that he must file a suitable amended complaint or risk dismissal without prejudice – and an opportunity to seek permission to do so belatedly. *See Poster v. Barnes*, 2013 WL 1898539, *2 (C.D. Cal. Mar. 29, 2013) ("[P]etitioner was cautioned about the possibility of dismissal in the February 22, 2013 Order, and will be provided with additional notice through this [R&R]."), *R&R adopted*, 2013 WL 1898536 (C.D. Cal. May 6, 2013) (Collins, J.).

**Finally as to the fifth *Ferdik* / *Carey* factor, the Court would further note that it has considered imposing a monetary sanction rather than dismissal**, but "[i]n view of plaintiff's ifp status, the Court has concluded that monetary sanctions are not feasible." *Bell v. County of Los Angeles*, 2013 WL 3242935, *8 (C.D. Cal. June 26, 2013) (Olguin, J.); *accord Gonzales v. City of Clovis*, 2013 WL 1314077, *2 (E.D. Cal. Apr. 1, 2013) (Oberto, M.J.) ("[B]ecause Plaintiff is proceeding pro se and in forma pauperis, monetary sanctions are not a viable alternative."); *Klipper v. California Dept' of Corrs.*, 2012 WL 1033008, *2 (C.D. Cal. Mar. 1, 2012) ("Because Plaintiff is proceeding in forma pauperis, the Court cannot impose monetary sanctions to punish him for failing to comply with the local rules to convince him to do so."), *R&R adopted*, 2012 WL 1032912 (C.D. Cal. Mar. 26, 2012); *Hazeltine v. Tuolumne County Bd. of Supervisors*, 2011 WL 39029, *2 (E.D. Cal. Jan. 5, 2011) (Thurston, M.J.) ("Alternatives, less drastic than dismissal, do not appear to be realistic. Because Plaintiff

is proceeding [IFP], monetary sanctions are not a viable option."); *Dozier v. Astrue*, 2009 WL 4144749, *3 (E.D. Cal. Nov. 23, 2009) (Snyder, M.J.) ("Because plaintiff is proceeding pro se and [IFP], the Court concludes that monetary sanctions are not a viable alternative."); *Pizarro v. Astrue*, 2009 WL 1911741, *2 (E.D. Cal. July 2, 2009) (Beck, M.J.) ("Alternatives less drastic than dismissal do not appear to be realistic under the facts of this case. Because Plaintiff is proceeding in forma pauperis, monetary sanctions are not a viable option."); *Jones v. Cummings*, 2006 WL 902549, *2 (E.D. Cal. Apr. 5, 2006) (Drozd, M.J.) (same), *R&R adopted*, 2006 WL 1320930 (E.D. Cal. May 15, 2006) (Burrell, J.); *cf. Cardiff v. Tingy*, 2006 WL 1343441, *2 (N.D. Cal. May 17, 2006) (Ware, J.) ("Monetary sanctions are unlikely to hold much sway because Plaintiff is a pro se litigant proceeding in forma pauperis who just recently has been released from prison; . . . .").[1]

---

[1]

*Accord Pik v. University of Pennsylvania*, 457 F. App'x 122, 123 (**3d Cir.** 2012) (Chagares, Vanaskie, Stapleton) (per curiam) ("Monetary sanctions would not have been an effective alternative because Pik was proceeding in forma pauperis.") (citing *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002));

*Thrasher v. City of Amarillo, Texas*, 709 F.3d 509, 514 (**5th Cir.** 2013) ("We cannot say that lesser sanctions would better serve the interests of justice. * * * At one point, Thrasher was proceeding in forma pauperis, thus any monetary sanctions would have been fruitless.");

*Jackson v. Murphy*, 468 F. App'x 616, 619 (**7th Cir.** 2012) ("The district court granted the motion for sanctions and dismissed the case. * * * [B]ecause Jackson proceeded in forma pauperis, a monetary sanction would have had no effect on him.");

*Smith v. McCune*, 345 F. App'x 317, 320 (**10th Cir.** 2009) (affirming dismissal of action and quoting with approval the district court's statement that "lesser sanctions are not just lacking in efficacy. Monetary sanctions are meaningless to a plaintiff who has been allowed to proceed in forma pauperis . . . .");

*Wieszalski v. Colvin*, 2014 WL 1153737, *2 (M.D. Ala. Mar. 20, 2014) (dismissing for failure to prosecute and explaining why there were no available lesser sanctions: "[t]he Court declines to impose financial sanctions in light of the plaintiff's poverty, as evidenced by his petition to proceed in forma pauperis.");

*McGee v. Pallito*, 2014 WL 360289, *12 (D. Vt. Feb. 3, 2014) ("[A] lesser sanction is difficult to identify. Given McGee's [IFP] status, it would be unjust to impose a monetary sanction.").

**As recommended by the R&R at 5, the dismissal will be without prejudice. The Court determines that with-prejudice dismissal at this stage would be too harsh despite this *pro se* plaintiff's dereliction.** *See Thurman v. Glendale Police Dep't*, 2013 WL 6844267, *2 (D. Ariz. Dec. 30, 2013) (J. Frederick Martone, adopting R&R of M.J. Mark Aspey) (concluding that although plaintiff had failed to serve the amended complaint on the defendants and failed to comply with the court's other orders, dismissal with prejudice would be too harsh); *Rich v. Wexford Health Sources, Inc.*, 2013 WL 4774723, *3 (D. Ariz. Sept. 4, 2013) ("The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits '[u]nless the court in its order for dismissal otherwise specifies.' In the instant case, the Court concludes that a dismissal with prejudice would be unduly harsh.").

ORDER

The Report and Recommendation **[Doc # 12] is ADOPTED**.

The action is **DISMISSED without prejudice** for lack of prosecution & noncompliance with court order.

No later than Friday, May 9, 2014, plaintiff **MAY FILE** (1) a motion to reinstate this action and (2) an amended complaint (which rectifies the deficiencies identified in the January 3, 2014 Order).[2]

---

[2]*See* C.D. Cal. LCivR 41-2, Dismissal - Effect ("Unless the Court provides otherwise, any dismissal pursuant to L.R. 41-1 shall be without prejudice."), *noted by Walker v. Metropolitan Life Ins. Co.*, 2009 WL 2048328, *3 (C.D. Cal. July 9, 2009) (Philip Gutierrez, J.);

LCivR 41-3, Reinstatement - Sanctions ("If any action dismissed pursuant to L.R. 41-1 is reinstated, the Court may impose such sanctions as it deems just and reasonable.");

LCivR 41-4, Refiling of Dismissed Action ("If any action dismissed pursuant to L.R. 41-1 is refiled as a new action, the party filing the later action shall comply with the requirements of L.R. 81-1.2.2.").

<u>If plaintiff fails to do so, the dismissal of his complaint **MAY BE** converted to a with-prejudice dismissal (for lack of prosecution and continuing failure to obey court orders) without further warning and without further opportunity for amendment or objection.</u>[3]

---

[3]

*See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671 (9th Cir. 1981) (after dismissing the original complaint for failure to set forth a short, clear, and concise statement of the claims in violation of Fed. R. Civ. P. 8(a) and 8(e) and failing to state a claim on which relief could be granted under Fed. R. Civ. P. 12(b)(6), the district court did not abuse its discretion in dismissing the amended complaint *with* prejudice and denying plaintiff's motion for leave to further amend).

*See also, e.g., Gomez v. MacDonald,* No. LA CV 13-01367-VBF-SH Doc. ____ at 10 (C.D. Cal. Mar. 31, 2014) (Fairbank, J.) ("No later than Thursday, May 1, 2014, petitioner MAY FILE a copy of the instant habeas petition which he himself has personally signed and verified. If petitioner fails to do so, the dismissal of his habeas petition *will be* converted to a with-prejudice dismissal (for lack of prosecution and continuing failure to obey court orders) without further warning or opportunity for objection");

*Ferguson v. Pagati*, 2013 WL 3989426, *1-*2 (C.D. Cal. Aug. 1, 2013) (*pro se* prisoner civil-rights action) ("The [FAC] is dismissed without prejudice for failure to state a claim . . . . If plaintiff wishes to continue pursuing this action, he MAY FILE a second amended complaint no later than . . . . If plaintiff fails timely to file a second amended complaint, the dismissal will be converted to a with-prejudice dismissal due to lack of prosecution and failure to comply with court order. Likewise, if plaintiff does file a second amended complaint but [it] still does not state a claim . . . , the dismissal will be converted to a with-prejudice dismissal.");

*Altman v. HO Sports Co., Inc.*, 2009 WL 4163512, *9 (E.D. Cal. Nov. 23, 2009) (same);

*US v. Nayak*, 2008 WL 140948, *5 (S.D. Ill. Jan. 11, 2008) (dismissing case without prejudice for failure to satisfy Fed. R. Civ. P. 9(b) and 12(b)(6), affording the relator until a date certain to file an amended complaint to rectify those deficiencies, and stating, "The Court: * * * **WARNS** the relator that should she fail to timely move to amend her or should the proposed amended complaint fail to comply with Rules 9(b) and 12(b)(6), the Court may deny leave to amend and convert the dismissal of this case to one with prejudice.");

*Morgan v. Mason*, 1999 WL 500997, *2 (D. Idaho June 1, 1999) ("[P]ursuant to Rule 8 . . . , the court dismisses plaintiffs' complaint with leave to amend. Plaintiffs are given thirty days to amend from the filing date of this order. Failure to timely amend will convert this dismissal to one with prejudice. Plaintiffs are also admonished that failure to amend so as to comply with Rule 8 may also result in dismissal with prejudice.")

MINUTES FORM 90  Initials of Deputy Clerk ___jmb____
CIVIL - GEN

The Court will not issue a final judgment at this time.

IT IS SO ORDERED.

---

(citing *Nevijel*, 651 F.2d 671), *recon. denied*, 1999 WL 718599 (D. Idaho July 21, 1999).

MINUTES FORM 90  Initials of Deputy Clerk ___jmb____
CIVIL - GEN